IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50018
Summary Calendar
_____

GARY SCHMUECKLE,

Petitioner-Appellant,

versus

R.D. MILES, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-328-JN
--------------------
August 16, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gary Schmueckle, federal prisoner # 72553-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for failing to show that he was entitled to bring the action under the savings clause of 28 U.S.C. § 2255. Schmueckle acknowledges that in order to proceed under 28 U.S.C. § 2241 he must demonstrate that 28 U.S.C. § 2255 is an inadequate or ineffective remedy. He argues, however, that he need not establish that his claims are

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on a retroactively applicable Supreme Court decision. Rather, Schmueckle contends that the inadequacy or ineffectiveness of 28 U.S.C. § 2255 can be demonstrated by showing "cause and actual prejudice" or "actual innocence."

Schmueckle correctly acknowledges that in order to proceed under 28 U.S.C. § 2241 he must show that his remedy under 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his detention. See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). However, in order to make that showing, Reyes-Requena requires that a petitioner demonstrate that his claims are "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and that the claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first 28 U.S.C. § 2255 motion." Id. at 904. Schmueckle has failed to satisfy the first prong of the Reyes-Requena test. Accordingly, the district court did not err in determining that Schmueckle could not bring his claims under the savings clause of 28 U.S.C. § 2255.

**AFFIRMED.**